UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID F. STROTHER,

    Plaintiff,

v.

COLDWELL BANKER MORTGAGE,
JP MORGAN CHASE BANK,
JP MORGAN MORTGAGE ACQUISITION
CORPORATION, WELLS FARGO BANK
MINNESOTA, WACHOVIA BANK and
JOHN DOES 1-10,

    Defendants.
_____/

Civil Case No: 12-12900

Honorable David M. Lawson
Magistrate Judge Laurie J. Michelson

## REPORT AND RECOMMENDATION TO DISMISS FOR FAILURE TO PROSECUTE AND SERVE PROCESS

### I.     BACKGROUND

On June 29, 2012, *pro se* Plaintiff David F. Strother ("Plaintiff") filed a Complaint against several banks and John Doe Defendants arising out of a mortgage foreclosure. (Dkt. 1., Compl.) In the five months since that time, however, Plaintiff has taken no further action to prosecute this case. There is nothing on the docket that suggests Plaintiff has even attempted to serve any of the Defendants. The case has been referred to this Court for all pretrial proceedings. (Dkt. 2.) On November 9, 2012, the Court issued an order directing Plaintiff to "show cause in writing, on or before November 21, 2012, why this Court should not recommend dismissal of this action, without prejudice, for failure to prosecute and for failure to serve the Defendants within the time set forth by Rule 4(m) of the Federal Rules of Civil Procedure." (Dkt. 3.) The deadline passed and Plaintiff failed to respond.

**II.     ANALYSIS**

Pursuant to Federal Rule of Civil Procedure 41, a complaint may be dismissed by a plaintiff's failure to prosecute his case.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *see also Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (explaining that "Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court.").  This Court's local rules likewise provide that when "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing or remanding the case unless good cause is shown."  E.D. Mich. L.R. 41.2.  This case has been pending for five months and Plaintiff has taken  no action to prosecute his claims.  Dismissal for failure to prosecute is therefore appropriate.

Additionally, the Federal Rules of Civil Procedure provide that if a defendant is not served within 120 days after the complaint is filed, the Court must dismiss the action without prejudice on notice to the plaintiff or order that service be made within a specified period of time.  Fed. R. Civ. P. 4(m).  The docket indicates that Plaintiff did not serve Defendants within the time set forth by Rule 4(m).  The Court gave notice to Plaintiff in the Show Cause Order and, again, he failed to take any action.

**III.    CONCLUSION**

Accordingly, this Court RECOMMENDS that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE for failure to prosecute and for failure to serve the Defendants within the time set forth by Rule 4(m) of the Federal Rules of Civil Procedure.

### IV. FILING OBJECTIONS TO THIS REPORT

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

Date: November 26, 2012   s/Laurie J. Michelson
                                                                           Laurie J. Michelson
                                                                           United States Magistrate Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 26, 2012.

                                                                           s/Jane Johnson
                                                                           Deputy Clerk